# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| BROOKLYN BEDDING, LLC ET AL., | )<br>)<br>) |
| *Plaintiffs*, | )<br>)<br>) |
| v. | )<br>)<br>) |
| UNITED STATES, | ) Court. No. 21-00285<br>) |
| *Defendant,* | ) **PUBLIC DOCUMENT**<br>) |
| and | )<br>)<br>) |
| SAFFRON LIVING CO., LTD. | )<br>)<br>) |
| *Defendant-Intervenor.* | )<br>)<br>)<br>) |

## MATTRESS PETITIONERS' COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION

Yohai Baisburd
Chase J. Dunn
CASSIDY LEVY KENT (USA) LLP
900 19th Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 567-2300

*Counsel to Mattress Petitioners*

Date: October 20, 2023

# Table of Contents

**Page**

I. SUMMARY OF ARGUMENT ........................................................................ 2

II. STANDARD OF REVIEW ............................................................................. 3

III. ARGUMENT ................................................................................................... 5

    A. The Department's Determination to Apply Adverse Facts Available To Saffron is Supported by Substantial Evidence and In Accordance With Law ....................................................... 5

        1. Legal Framework for Application of Facts Otherwise Available with an Adverse Inference ......................................... 6

        2. The Department's Application of Adverse Facts Available is in Accordance with Law ............................................. 7

        3. The Department's AFA Rate is Supported by Substantial Evidence and In Accordance With Law .................. 11

IV. CONCLUSION .............................................................................................. 14

# Table of Authorities

**Page(s)**

## Statutes

19 USC § 1516a(b)(1)(B)(i) ................................................................................ 3

19 USC § 1677e(a) ................................................................................... 3, 6-7, 9

19 USC § 1677e(a)(1) .................................................................................. 6-7, 9

19 USC § 1677e(a)(2) ........................................................................................ 6

19 USC § 1677e(b) ................................................................................. 7, 10-12

19 USC § 1677e(b)(2)(A) ................................................................................ 12

19 USC § 1677e(c) ........................................................................................... 12

19 USC § 1677m(i)(1) ....................................................................................... 2


## Court Decisions

*AMS Assocs., Inc. v. United States*, 719 F.3d 1376
(Fed. Cir. 2013) ............................................................................................... 10

*Chevron, U.S.A., Inc. v. Natural Resource Defense
Council, Inc.*, 467 U.S 837 (1984) ............................................................... 4-5

*Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938) ...................................... 3

*DuPont Teijin Films USA v. United States*, 407 F.3d
1211 (Fed. Cir. 2005) ........................................................................................ 3

*F.lli De Cecco Di Filippo Fara S. Martino S.p.A. v.
United States*, 216 F.3d 1027 (Fed. Cir. 2000) ........................................... 12

*Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S.
v. United States*, 413 F. Supp. 3d 1347 (Ct. Int'l Trade
2019) .............................................................................................................. 9-10

*Hubscher Ribbon Corp., Ltd. v. United States*, 979 F. Supp. 2d 1360 (Ct. Int'l Trade 2014). ...................................................... 12

*IPSCO, Inc. v. United States*, 965 F.2d 1056 (Fed. Cir. 1992) .................................................................................................. 5

*JA Solar International Limited v. United States*, 606 F. Supp. 3d 1370 (Ct. Int'l Trade 2022). .................................................... 4

*Nippon Steel Corp. v. United States*, 337 F.3d 1373 (Fed. Cir. 2003) .................................................................................... 7, 9

*Timex V.I., Inc. v. United States*, 157 F.3d 879 (Fed. Cir. 1998).............................................................................................. 4

*Torrington Co. v. United States*, 68 F.3d 1347 (Fed. Cir. 1995)................................................................................................ 5

*United States v. Eurodif S.A.*, 555 U.S. 305 (2009) ................................... 5

*Zenith Radio Corp. v. United States*, 437 U.S. 443 (1978).................................................................................................... 4

## Administrative Determinations

*Certain Uncoated Paper from Indonesia: Final Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 3101 (Jan. 20, 2016) ............................................................... 11

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE**

|  |  |  |
|---|---|---|
| BROOKLYN BEDDING, LLC ET AL., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) ) | |
| UNITED STATES, | ) ) | Court. No. 21-00285 |
| *Defendant*, | ) ) ) | **PUBLIC DOCUMENT** |
| and | ) ) ) | |
| SAFFRON LIVING CO., LTD. | ) ) ) | |
| *Defendant-Intervenor*. | ) ) ) ) | |

**MATTRESS PETITIONERS' COMMENTS IN SUPPORT OF**
**FINAL RESULTS OF REDETERMINATION**

On behalf of Brooklyn Bedding, LLC, Corsicana Mattress Company, Elite Comfort Solutions, FXI, Inc., Innocor, Inc., Kolcraft Enterprises Inc., Leggett & Platt, Incorporated, International Brotherhood of Teamsters, United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, (hereinafter, "Mattress Petitioners"),

we herein comment on the Department of Commerce's ("the Department") Final Results of Redetermination Pursuant to Court Remand. *See* Final Results of Redetermination Pursuant to Court Remand (Sept. 18, 2023), ECF No. 54 ("Remand Redetermination"); *see also Brooklyn Bedding LLC v. United States*, Court No. 21-00285, Slip Op. 23-107 (CIT July 20, 2023) ("*Remand Order*").

## I. SUMMARY OF ARGUMENT

In its *Remand Order*, the Court instructed the Department to: (1) undertake verification of Saffron Living Co., Ltd. ("Saffron") in accordance with 19 USC § 1677m(i)(1), and (2) to explain why the Department departed from its practice of applying the transactions disregarded and/or major input rules or, alternatively, to apply either or both rules. *See Remand Order* at 12 and 14. After the Court issued its *Remand Order*, however, Saffron withdrew from the underlying proceeding as well as from this appeal. *See* Appx8385; *see also* ECF No. 57 (dismissing Saffron as defendant-intervenor). Consequently, the Department could neither verify Saffron's sales and cost data, nor apply the transactions disregarded and/or major input rules. Accordingly, the Department reasonably applied adverse facts available ("AFA")

2

pursuant to 19 USC §§ 1677e(a), (b) and assigned Saffron a weighted-average dumping margin using the highest rate alleged in the petition. *See* Appx8406. As discussed below, the Department's application of AFA to Saffron and the assigned antidumping duty rate was reasonable, supported by substantial evidence, and otherwise in accordance with law.

## II. STANDARD OF REVIEW

In reviews of the Department's determinations in an antidumping duty proceeding, the Court will sustain the Department's "determinations, findings, or conclusions" unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 USC § 1516a(b)(1)(B)(i). Substantial evidence has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *DuPont Teijin Films USA v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Critically, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383

3

U.S. 607, 620 (1966). Rather, when addressing a substantial evidence issue raised by a party, the Court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." *JA Solar International Limited v. United States*, 606 F. Supp. 3d 1370, 1373 (Ct. Int'l Trade 2022).

In reviewing the Department's construction of a statute, the Court uses the two-part test articulated in *Chevron, U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S 837 (1984). First, the Court determines "whether Congress has directly spoken to the precise question at issue" and clearly expressed its purpose and intent in the statute. *See id.* at 842-43. The Court looks at the plain meaning of the text, *id.* at 843 & n.9, and may consider the statute's structure and legislative history, *Timex V.I., Inc. v. United States*, 157 F.3d 879, 882 (Fed. Cir. 1998). Second, if the statute does not answer the question, the Court assesses whether the Department's interpretation is "sufficiently reasonable." *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450-51 (1978) (citation omitted). The Department's "interpretation governs in the absence of unambiguous statutory language to the contrary or

unreasonable resolution of language that is ambiguous." *United States v. Eurodif S.A.*, 555 U.S. 305, 316 (2009) (citation omitted). "{The Court} accord{s} substantial deference to Commerce's statutory interpretation, as {the Department} is the 'master' of the antidumping laws." *Torrington Co. v. United States*, 68 F.3d 1347, 1351 (Fed. Cir. 1995) (citation omitted); *see also IPSCO, Inc. v. United States*, 965 F.2d 1056, 1061 (Fed. Cir. 1992) (the Court errs by substituting "its own construction of a statutory provision for a reasonable interpretation made by {the Department}") (quoting *Chevron*, 467 U.S. at 844).

### III.  ARGUMENT

#### A. The Department's Determination to Apply Adverse Facts Available To Saffron is Supported by Substantial Evidence and In Accordance With Law

On remand, the Department "sought to verify Saffron's information, and issued a supplemental questionnaire to obtain the information necessary in determining whether the transactions disregarded and major input rules could be applied." Appx8408. Saffron, however, failed to timely respond to the Department's remand questionnaire and, on August 10, 2023, "Saffron withdrew its participation from this proceeding." *Id.* As a result, the Department

5

relied on facts otherwise available in determining Saffron's weighted-average dumping margin because Saffron withheld information, failed to provide information by the specified deadline, and prevented the Department from verifying information on the record. Appx8408-8409. In addition, "because Saffron failed to cooperate by not acting to the best of its ability in complying with Commerce's requests for information, {the Department} found that an adverse inference was warranted in selecting from the facts otherwise available." Appx8409. As discussed below, the Department's reasoning and application of AFA to Saffron is supported by substantial evidence and in accordance with law.

### 1. *Legal Framework for Application of Facts Otherwise Available with an Adverse Inference*

If an interested party "withholds information" or otherwise does not comply with the Department's requests, or if "necessary information is not available on the record," the Department "shall…use facts otherwise available" to fill informational gaps and render determinations. 19 USC §§ 1677e(a)(1), (a)(2). The Court of Appeals for the Federal Circuit ("Federal Circuit") has interpreted this provision to mean that the "mere failure of a respondent to furnish requested

6

information — for any reason — requires Commerce to resort to other sources of information to complete the factual record on which it makes a determination." *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1381 (Fed. Cir. 2003) ("The focus of {1677e(a)(1)} is a respondent's failure to provide information. The reason for the failure is of no moment.").

Moreover, where the Department applies facts otherwise available, the Department may then make the additional decision to "use an inference that is adverse to the interests of {a respondent} in selecting from among the facts otherwise available" if the Department finds "the respondent 'has failed to cooperate by not acting to the best of its ability to comply.'" *Nippon Steel Corp. v. United States*, 337 F.3d at 1381 (quoting 19 USC § 1677e(b)). Although the statute does not define "best of its ability," the Federal Circuit has interpreted this provision to mean that a respondent must "do the maximum it is able to do." *Id.*

### 2. The Department's Application of Adverse Facts Available is in Accordance with Law

In its *Remand Redetermination*, the Department reasonably applied facts otherwise available, with an adverse inference, to calculate Saffron's weighted-average dumping margin because Saffron

7

failed to respond to the remand supplemental questionnaire, withdrew from the underlying proceeding and thereby prevented Commerce from verifying information on the record. Appx8408-8409.

On August 2, 2023, the Department "issued a supplemental questionnaire to Saffron requesting additional information in order for Commerce to evaluate whether {it} could apply the transactions disregarded and/or major input rules." Appx8407. Saffron "failed to respond to Commerce's supplemental questionnaire," and on "August 10, 2023, Saffron withdrew its participation in this proceeding." Appx8407. Consequently, "necessary information (*i.e.*, the transactions disregarded and/or major input data) are not available on the record, pursuant to section 776(a)(1) of the Act, meriting the use of facts otherwise available." Appx8409. In addition, "by withdrawing from participating in the proceeding, Saffron: (1) withheld information requested by Commerce; (2) failed to provide information by the specified deadline; and (3) prevented Commerce from verifying information on the record." Appx8409. Finally, Saffron's withdrawal from this proceeding demonstrates that "Saffron failed to cooperate by not acting to the best of its ability" and therefore the Department

8

reasonably held that "an adverse inference is warranted in selecting from the facts otherwise available, consistent with section 776(b) of the Act." Appx8409.

The Department's determination to rely on AFA in calculating Saffron's dumping margin is in accordance with law. *First*, Saffron withheld information requested by the Department, failed to provide information by the specified deadline, and prevented the Department from verifying information on the record by failing to respond to the Department's remand questionnaire. This court has previously affirmed the Department's use of facts otherwise available when a party fails to provide information requested by the Department. *See, e.g., Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States*, 413 F. Supp. 3d 1347, 1352 (Ct. Int'l Trade 2019) ("because Icdas and Habas failed to provide information on the Offset Program in response to Commerce's questionnaire, Commerce reasonably used facts otherwise available…"). Accordingly, the Department's application of facts otherwise available pursuant to 19 USC § 1677e(a) was in accordance with law. *Cf. Nippon Steel Corp. v. United States*, 337 F.3d at 1381 ("The focus of {1677e(a)(1)} is a respondent's failure to provide

9

information. The reason for the failure is of no moment.").

*Second*, Saffron's failure to respond to the Department's questionnaire and its withdrawal from this proceeding demonstrates that it did not cooperate to the best of its ability within the meaning of 19 USC § 1677e(b). This court has previously affirmed the Department's application of an adverse inference when using facts otherwise available when an interested party fails to provide information requested by the Department. *See, e.g., Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States*, 413 F. Supp. 3d at 1352 ("because Icdas and Habas failed to provide information on the Offset Program in response to Commerce's questionnaires, Commerce reasonably used facts otherwise available and, given Habas and Icdas did not act to the best of their respective abilities, applied an adverse inference."). Relatedly, the Federal Circuit has affirmed the Department's use of AFA when a company withdraws from a proceeding. *See AMS Assocs., Inc. v. United States*, 719 F.3d 1376, 1379 (Fed. Cir. 2013) (affirming the Department's finding that "Aifudi's withdrawal from the investigation and the Aifudi-requested removal of its confidential information 'significantly impeded the Department's ability to conduct this

proceeding.'"). Accordingly, the Department's application of adverse facts available in its *Remand Redetermination* pursuant to 19 USC § 1677e(b) was in accordance with law.

### 3. *The Department's AFA Rate is Supported by Substantial Evidence and In Accordance With Law*

In its *Remand Redetermination*, the Department applied AFA to Saffron and found "that it is most appropriate to apply the highest dumping margin alleged in the Petition" as the AFA rate. Appx8412. As discussed below, the Department's reliance on the highest dumping rate alleged in the petition is supported by substantial evidence and in accordance with law.

In a less-than-fair-value ("LTFV") investigation, the Department's practice with respect to the assignment of an AFA rate is to select the higher of: (1) the highest dumping margin alleged in the petition; or (2) the highest calculated dumping margin of any respondent in the investigation. *See Certain Uncoated Paper from Indonesia: Final Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 3101 (Jan. 20, 2016), IDM at Comment 1. In this investigation, however, there were no cooperating respondents. Consequently, the only viable AFA rate is the highest dumping margin alleged in the petition.

11

This court has recognized that when a respondent fails to respond to the Department's information requests, "Commerce typically cannot calculate an antidumping rate for an uncooperative respondent because the information required for such a calculation…has not been provided." *Hubscher Ribbon Corp., Ltd. v. United States*, 979 F. Supp. 2d 1360, 1365 (Ct. Int'l Trade 2014). Therefore, as "a substitute, Commerce relies on various 'secondary sources' of information" such as the petition to establish an AFA rate. *Id.* (citing 19 USC § 1677e(b), (c)). The Federal Circuit has recognized that the "statute explicitly allows for use of 'the petition' to determine relevant facts when a respondent does not cooperate." *F.lli De Cecco Di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000); *see also* 19 USC § 1677e(b)(2)(A).

When relying on "secondary information" to establish an AFA rate, the statute requires that the Department corroborate, "to the extent practicable," that information from independent sources that are reasonably available. 19 USC § 1677e(c). Here, the Department noted that "during our pre-initiation analysis, we examined the key elements of the export price (EP) and normal value (NV) calculations, including

12

the constructed value calculations used in the Petition to derive NV and the alleged dumping margins." Appx8410-8411. The Department also "examined information from various independent sources provided either in the Petition or, on our request, in the supplements to the Petition that corroborates key elements of the EP and NV calculations used in the Petition to derive the dumping margins alleged in the Petition." Appx8411. Based on an examination of this information, the Department found "the petitioners' EP and NV calculations {are} reliable." Appx8411.

 Moreover, the Department "obtained no other information that calls into question the validity of the sources of information or the validity of the information supporting the U.S. price or NV calculations provided in the Petition." Appx8411. Therefore, because "there were no other participating cooperative respondents in the LTFV investigation, {the Department} relied upon the dumping margins alleged in the Petition, which is the only information regarding the mattress industry reasonably available at Commerce's disposal." Appx8411. Accordingly, the Department reasonably corroborated, "to the extent practicable," the dumping rates alleged in the petition. Consequently, the

Department's reliance on the petition to establish an AFA rate for Saffron is supported by substantial evidence and otherwise in accordance with law.

## IV. CONCLUSION

For the foregoing reasons, Mattress Petitioners respectfully request that the Court affirm the Department's *Remand Redetermination* in its entirety.

                              Respectfully submitted,

                              /s/ Yohai Baisburd

                              Yohai Baisburd
                              Chase J. Dunn
                              CASSIDY LEVY KENT (USA) LLP
                              900 19th Street, N.W.
                              Suite 400
                              Washington, D.C. 20006
                              (202) 567-2300

                              *Counsel to Mattress Petitioners*

Date:      October 20, 2023

Court. No. 21-00285

## **Certificate of Compliance**

The undersigned hereby certifies that the forgoing submission of "Mattress Petitioners' Comments in Support of Final Results of Redetermination," filed by Plaintiffs on October 20, 2023, contains 2,307 words, including footnotes, and excluding the table of contents, table of authorities, and signature block, and therefore, complies with the maximum 10,000 word limitation set forth in the Scheduling Order dated October 6, 2023.

BY: /s/ Yohai Baisburd