# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| BROOKLYN BEDDING, LLC, ET. AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 21-00285 |

## DEFENDANT'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION

|  |  |
|---|---|
|  | BRIAN M. BOYNTON <br> Principal Deputy Assistant <br> Attorney General |
|  | PATRICIA M. McCARTHY <br> Director |
|  | s/L. Misha Preheim <br> L. MISHA PREHEIM <br> Assistant Director |
| OF COUNSEL: <br> SAVANNAH MAXWELL <br> Attorney <br> Department of Commerce <br> Office of the Chief Counsel <br>  for Trade Enforcement & <br> Compliance | s/Kara M. Westercamp <br> KARA M. WESTERCAMP <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division <br> Commercial Litigation Branch <br> P.O. Box 480 <br> Ben Franklin Station |

Washington, D.C.  20044
Tel: (202) 305-7571

November 6, 2023

Attorneys for Defendant

# **TABLE OF CONTENTS**

**PAGES**

BACKGROUND ........................................................................................... 2

    I.       Administrative Determination Under Review ........ 2

    II.      Remand Redetermination ........................................ 3

SUMMARY OF ARGUMENT ............................................................ 6

ARGUMENT ................................................................................................ 7

    I.       Standard Of Review .................................................... 7

    II.      Commerce's Remand Redetermination Complies With The Court's Order ........................................... 8

    III.     Substantial Evidence Supports Commerce's Application Of Total AFA To Saffron And The Selected AFA Rate ...................................................... 9

           A.     Legal Framework ............................................ 9

           B.     Saffron Failed To Cooperate By Withdrawing From The Proceeding ........................................ 10

CONCLUSION ........................................................................................... 13

# **TABLE OF AUTHORITIES**

## **CASES**

*Brooklyn Bedding, et. al. v. United States*,
    Ct. No. 21-00285, 2023 WL 4637146 (Ct Int'l Trade July 20,
    2023) .............................................................................................. passim

*MacLean-Fogg Co. v. United States*,
    100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015) .......................... 7, 8

*Nippon Steel Corp. v. United States*,
    458 F.3d. 1345 (Fed. Cir. 2006) .............................................. 10

## **STATUTES**

19 U.S.C. § 1677a(b) ................................................................. passim

19 U.S.C. § 1677e(a)(2)(D) ........................................................ passim

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| BROOKLYN BEDDING, LLC, ET. AL., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Court No. 21-00285 |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION

Defendant, the United States, respectfully submits this response to the comments in support of the remand redetermination filed by consolidated plaintiffs Brooklyn Bedding, *et. al.*,[1] Brooklyn Bedding Cmts., ECF No. 60, regarding the final results of redetermination filed by the United States Department of Commerce (Commerce) in accordance with this Court's decision and order in *Brooklyn Bedding, et.*

---

[1] The plaintiffs are: Brooklyn Bedding LLC; Corsicana Mattress Company; Elite Comfort Solutions; FXI, Inc.; Kolcraft Enterprises, Inc.; Leggett & Platt, Incorporated; the International Brotherhood of Teamsters; and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO (collectively, the Petitioners).

*al v. United States*, Ct. No. 21-00285, 2023 WL 4637146 (Ct. Int'l Trade July 20, 2023).  *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 54.

The Court should sustain the remand redetermination and enter final judgment for the United States because Commerce has complied with the Court's remand order and its determination is supported by substantial evidence and in accordance with law.

## BACKGROUND

### I. Administrative Determination Under Review

On March 25, 2021, Commerce published the final determination. Appx1508-1510, Appx1459-1475, Appx1529-1532.  As discussed in the final determination, Commerce did not conduct verification under 19 U.S.C. § 1677m(i) because in the preliminary determination, Commerce had based its determination entirely on facts available with an adverse inference, pursuant to sections 19 U.S.C. § 1677e(a) and (b), in determining the weighted-average dumping margin for Saffron Living Co., Ltd. (Saffron).  *See* Appx1005, Appx1014, Appx1473-1474.  Because Commerce could not then later conduct an on-site verification, pursuant to 19 U.S.C. § 1677e(a)(2)(D), it relied upon the information submitted

2

on the record as facts available. Appx1472. In response to a ministerial error allegation, Commerce determined not to make any adjustments (*i.e.*, transactions disregarded or major input rule adjustments) for affiliated party transactions. Appx1516-1517.

## II. Remand Redetermination

In its July 20, 2023, opinion, the Court ordered that Commerce must undertake verification of Saffron insofar as it continues to rely upon the company's data, and explain why Commerce departed from its practice of applying the transactions disregarded and/or major input rules, or, alternatively, apply either or both of those rules. *See Brooklyn Bedding*, 2013 WL 4637146, at *4-5.

Upon remand, although Commerce had issued Saffron a supplemental questionnaire requesting additional information so that Commerce could evaluate whether it could apply the transactions disregarded and/or major input rules, on August 10, 2023, Saffron withdrew its participation from this proceeding. Appx8385-8386. On August 29, the Petitioners requested that Commerce issue the final results of redetermination and base Saffron's dumping margin on total facts available with an adverse inference (total AFA). *See* Appx8388-

8390.

In the draft results of redetermination, Commerce explained its determination to apply total AFA to Saffron because it had withdrawn from the proceeding and therefore did not provide the information that Commerce sought to verify Saffron's information. Appx8392-8401. Specifically, Commerce determined that necessary information (*i.e.*, data necessary to perform the transactions disregarded and/or major input tests) are not available on the record, pursuant to section 19 U.S.C. § 1677e(a)(1), meriting the use of facts otherwise available. Appx8395-8396. Further by withdrawing from participation in the proceeding, Saffron: (1) withheld information requested by Commerce; (2) failed to provide information by the specified deadline; and (3) prevented Commerce from verifying information on the record. *Id.* (citing 19 U.S.C. § 1677e(a)(2)(A), (B), and (D)). Additionally, Commerce determined that Saffron significantly impeded the proceeding. Appx8396 (citing 19 U.S.C.§ 1677e(a)(2)(C)).

Additionally, 19 U.S.C. § 1677e(b) provides that, if Commerce finds that an interested party has failed to cooperate by not acting the best of its ability to comply with a request for information, Commerce

4

may use an inference adverse to the interests of that party in selecting from the facts otherwise available. *Id.* Thus, because Saffron failed to cooperate by not acting to the best of its ability in complying with Commerce's requests for information, Commerce applied an adverse inference in selecting from the facts otherwise available. *Id.* Moreover, Commerce reasonably disregarded all of Saffron's submitted data and applied total AFA because Saffron withdrew from the proceeding and thus prevented Commerce from verifying its submitted data. Appx8397-8398.

Finally, because the all-other's rate was based on Saffron's calculated rate, in the draft results of redetermination, Commerce adjusted the all-other's rate. Appx8399-8400. Commerce explained that the weighted-average dumping margin for both mandatory respondents (Nisco and Saffron) was, now, based entirely on the facts available pursuant to 19 U.S.C. § 1677e. Appx8400. Consistent with its practice in these circumstances, Commerce determined to assign, as the all-others rate, a simple average of the Petition rates. *Id.* Consequently, Commerce revised the all-others rate to 572.56 percent, which was derived by averaging the dumping margins alleged in the

5

Petition, (*i.e.*, 414.77 percent, 548.41 percent, 563.80 percent, and 763.28 percent).  *Id.*

On September 8, 2023, the Petitioners submitted comments supporting the draft results of redetermination.  Appx8402-8404.  No other interested party commented on the draft results of redetermination.

On October 13, 2023, Commerce filed its remand redetermination with the Court, with the results unchanged from the preliminary determination.  Appx8405-8417.  Subsequently, Saffron withdrew as a defendant-intervenor in this litigation. *See* ECF No. 57 (dismissing Saffron as defendant-intervenor).

## SUMMARY OF ARGUMENT

The Court ordered Commerce on remand to: (1) undertake verification of Saffron insofar as Commerce continues to rely upon the company's data, and (2) explain why Commerce departed from its practice of applying the transactions disregarded and/or major input rules, or alternatively, to apply either or both of those rules.  *See Brooklyn Bedding*, 2013 WL 4637146, at *4-5.  In accordance with these instructions, Commerce re-opened the record, and sent a supplemental

questionnaire to Saffron to assess whether it should apply the transactions disregarded and/or the major inputs rules. Saffron did not respond to the questionnaire, and instead filed a notice of withdrawal from the remand proceeding, explaining that it did not intend to continue participating in the proceeding. Because Saffron withdrew from the proceeding, Commerce could neither verify Saffron's sales and cost data, nor apply the transactions disregarded and/or major input rules. As a result, Commerce based its determination with respect to Saffron on total AFA, and no longer relied on Saffron's information to calculate a rate. Thus, Commerce's determination is consistent with the Court's remand order, which required verification only "insofar as the Department continues to rely upon that data." *Brooklyn Bedding*, 2013 WL 4637146, at *5.

## ARGUMENT

### I. Standard Of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States,* 100 F. Supp. 3d

1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

## II. Commerce's Remand Redetermination Complies With The Court's Remand Order

Commerce's decision on remand complies with the Court's order. To wit, the Court ordered Commerce on remand to: (1) undertake verification of Saffron insofar as Commerce continues to rely upon the company's data, and (2) explain why Commerce departed from its practice of applying the transactions disregarded and/or major input rules, or alternatively, apply either or both of those rules. *See Brooklyn Bedding*, 2013 WL 4637146, at *4-5.

In accordance with these instructions, although Commerce re-opened the record and sent a supplemental questionnaire to Saffron to assess whether it should apply the transactions disregarded and/or the major input rules, Saffron's response was to decline to further participate in the proceedings. Appx8385-8386, Appx8407. Thus, in the final remand redetermination, Commerce determined that application of total AFA to Saffron was warranted because Saffron did not provide Commerce with the requested information and withdrew from the proceeding without allowing Commerce to conduct verification as ordered by the Court. Appx8405-8417. Therefore, because Saffron

8

failed to cooperate to the best of its ability by no longer participating in the remand proceeding, Commerce could not verify Saffron's information, nor could it determine whether to apply the major input and/or transactions disregarded rules. Appx8408-8409. Instead, Commerce applied total AFA to Saffron, and thus did not rely on Saffron's data in determining its margin. *Id.*

### III. Substantial Evidence Supports Commerce's Application Of Total AFA To Saffron And The Selected AFA Rate

Commerce's remand redetermination is supported by substantial evidence and the selected total AFA rate is in accordance with law. Appx8405-8417.

#### A. Legal Framework

Commerce shall use "facts otherwise available" to fill gaps in the record if: (1) necessary information is not available or (2) an interested party withholds information requested by Commerce, fails to provide the information by the deadline or in the manner requested, significantly impedes the proceeding, or provides information that cannot be verified. 19 U.S.C. § 1677e(a). If Commerce finds that a respondent has "failed to cooperate by not acting to the best of its ability to comply with a request for information," it may apply an adverse

9

inference in its selection of facts otherwise available. *Id.* § 1677e(b). Indeed, Commerce may apply an adverse inference for a respondent's "failure to cooperate to the best of respondent's ability, regardless of motivation or intent." *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003). A respondent fails to act to the best of its ability when it does not exert "maximum effort to provide Commerce with full and complete answers to all inquiries in an investigation." *Id.*

### B. Saffron Failed To Cooperate By Withdrawing From The Proceeding

Here, Commerce's application of total AFA to Saffron is supported by substantial evidence and in accordance with law. *See* Appx8405-8417. Commerce determined that necessary information (*i.e.*, the transactions disregarded and/or major input data) are not available on the record, meriting the use of facts otherwise available. Appx8409, Appx8414-8415. Also, by withdrawing from participating in the proceeding, Saffron: (1) withheld information requested by Commerce; (2) failed to provide information by the specified deadline; and (3) prevented Commerce from verifying information on the record. *See* 19 U.S.C. § 1677e(a)(2)(A), (B), and (D). Appx8414-8415. Thus, Commerce determined that Saffron significantly impeded the

proceeding. *Id.* Accordingly, pursuant to 19 U.S.C. § 1677e(a)(1) and (2)(A)-(D), Commerce relied upon facts otherwise available to determine Saffron's weighted-average dumping margin. Appx8415.

Additionally, pursuant to 19 U.S.C. § 1677e(b), Commerce may use an adverse inference in selecting from the facts otherwise available if it finds that an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information. *Id.* Thus, because Saffron failed to cooperate by not acting to the best of its ability in complying with Commerce's requests for information because it withdrew from further participation, Commerce applied an adverse inference in selecting from the facts otherwise available. Appx8415. As a result, Commerce reasonably applied total AFA. *Id.*

In terms of selecting the AFA rate to apply to Saffron, Commerce determined that it is most appropriate to apply the highest dumping margin alleged in the petition, and published in the initiation notice, *i.e.*, 763.28 percent, because the margin alleged in the petition had probative value and was corroborated within the meaning of 19 U.S.C. § 1677e(c). Appx8413, Appx8415.

Notably, no party has filed comments disagreeing with

11

Commerce's remand redetermination. Although Saffron withdrew from this appeal, the Petitioners filed comments supporting Commerce's remand determination. Thus, we agree with Petitioners that Commerce's application of total AFA to Saffron is supported by substantial evidence on the record and is in accordance with the Court's remand order. *See* Brooklyn Bedding Cmts. at 7-13.

Finally, because the all-other's rate was based on Saffron's calculated rate, it was also appropriate for Commerce to adjust the all-other's rate. Appx8416. As Commerce explained, the weighted-average dumping margin for both mandatory respondents (Nisco and Saffron) is now based entirely on facts available. *Id.* Commerce then used a reasonable method to calculate the all-others rate by using a simple average of the dumping margins alleged in the petition. *Id.* (citing 19 U.S.C. § 1673d(c)(5)(B)). Consequently, Commerce derived the revised all-others rate of 572.56 percent by using a simple average of the dumping margins alleged in the Petition, (*i.e.*, 414.77 percent, 548.41 percent, 563.80 percent, and 763.28 percent). *Id.*

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination and enter final judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

s/L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

OF COUNSEL:
SAVANNAH MAXWELL
Attorney
Department of Commerce
Office of the Chief Counsel
 for Trade Enforcement &
Compliance

s/Kara M. Westercamp
KARA M. WESTERCAMP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Tel: (202) 305-7571

November 6, 2023

Attorneys for Defendant

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief contains 2,038 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

*/s/Kara M. Westercamp*
KARA M. WESTERCAMP

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| BROOKLYN BEDDING, LLC, ET. AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 21-00285 |

## **ORDER**

Upon consideration of plaintiffs' comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained.

.

Date:_____                    _____
   New York, NY                                                   Judge